a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DARRIN LASHAON BETTS #21755-078,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-03219<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| WARDEN USP POLLOCK,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 8) filed by *pro se* Petitioner Darrin Lashaon Betts ("Betts"). Betts is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Betts challenges his conviction and sentence.

Because Betts cannot show that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention and that he is entitled to proceed under the savings clause, his Petition (ECF No. 8) should be DISMISSED for lack of jurisdiction.

I. **Background**

Betts was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). His total offense level was determined to be 31, with a criminal history category of III, resulting in a guidelines range of 135 to 168 months of imprisonment and supervised release of five years to life. *United*

*State v. Betts*, 5:13-CR-00022 (E.D. Tex.), ECF Nos. 79, 86. However, pursuant to a plea agreement, Betts was sentenced to 240 months of imprisonment and five years of supervised release. *Id.* at ECF No. 72, 86. Thus, the plea agreement resulted in a term of imprisonment significantly in excess of Betts's guidelines range because of two prior convictions for delivery of a controlled substance. *Id.* at ECF Nos. 79, 85, 86. Had Betts gone to trial and been convicted, he would have been subject to a mandatory minimum sentence of life imprisonment plus 60 months. *Id.*

Following his conviction, Betts filed two motions for reduction of sentence under 18 U.S.C. § 3582(c)(2). Both were denied. *See id.* at ECF Nos. 74, 77, 80, 86. The Fifth Circuit affirmed the denial. *Id.* at 90. Betts did not file a motion to vacate under § 2255.

In his § 2241 Petition, Betts challenges the validity of the sentence imposed, which was 10 months greater than the 230 months specified in his plea agreement. ECF No. 8.

II. <u>Law and Analysis</u>

A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)). Claims cognizable under § 2255 include allegations that "judgment was rendered

without jurisdiction, . . . that the sentence imposed was not authorized by law, . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is generally used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if the prisoner can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief through § 2241 under the language of the savings clause of § 2255(e), the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the

petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; *Jeffers*, 253 F.3d at 830).

Because Betts challenges the legality of his sentence, he must meet the requirements of the savings clause to proceed under § 2241. However, Betts does not identify any retroactively applicable Supreme Court decision establishing that he was "actually innocent" of the charges against him. *See Reyes–Requena*, 243 F.3d at 904.

Betts admittedly seeks to proceed under § 2241 because the time for filing a § 2255 motion has expired. ECF No. 8 at 4. However, § 2255 is not inadequate or ineffective simply because a petitioner cannot meet the statute of limitations. *Johnson v. United States*, 2002 WL 324293, at *2 (N.D. Tex. 2002) ("Petitioner cannot use § 2241 to escape the restrictions on untimely § 2255 motions; the §§ 2255's savings clause does not exist to free a prisoner of the effects of his failure to raise an available claim earlier.") (citing *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999); *Jeffers*, 253 F.3d at 830).

### III. Conclusion

Because Betts cannot establish that § 2255 is inadequate or ineffective to challenge his sentence or meet the requirements of the savings clause, IT IS RECOMMENDED that Betts's § 2241 Petition (ECF No. 8) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Betts's claim.[1]

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, November 2, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); *Reed v. Young*, 471 F. App'x 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).